UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Cr. No. 19-10459-RWZ |
| | : | |
| | : | |
| JUAN LIBERATO | : | |

_____

DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY
WITH PROPOSED CONDITIONS OF PRETRIAL RELEASE
[and with incorporated points and authorities]
_____

Juan Liberato respectfully requests the Court to order his release from detention upon

conditions set forth herein or upon such conditions that the Court deems reasonable and appropriate.

1. Relevant Procedural History:

Mr. Liberato is one of 46 defendants charged in Count One of a Nine Count Indictment with

Racketeering Conspiracy in violation of 18 U.S.C.§§ 1961(1) and (5). [Doc. 1].

At his initial appearance on December 5, 2019, the government moved for detention pursuant

to 18 U.S.C. § 3142(f)(1)(E) alleging that Liberato, together with all those named in Court I, is

charged with a felony that involves the possession or use of a firearm and other dangerous weapons;

also under  § 3142(f)(2)(A), alleging that he poses a risk of flight; and under 18 U.S.C. § 3142

(f)(2)(B), alleging that there is a serious risk that the defendants will attempt to obstruct justice, or

attempt to threaten, injure, or intimidate potential witnesses. [Doc. 12]. In support of the motion, the

government proffers the Affidavit of FBI Special Agent Dominic Coppo. (the "Coppo Affidavit")

[Doc. 12, Ex. 1].

-1-

2. <u>The Applicable Law:</u>

Under the Bail Reform Act, a court is required to order the pretrial release of a defendant on personal recognizance or after execution of as appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).

Pursuant to the provisions of  18 U.S.C. §3142(e), a defendant may be ordered detained pending trial only if the judicial officer finds by clear and convincing evidence, after a detention hearing under the provisions of §3142(f), "...that no condition or combination of conditions (set forth under §3142(b) or (c)) will reasonably assure the safety of any other person or the community..." or if the judicial officer finds by a preponderance of the evidence, after a detention hearing under the provisions of §3142(f), "... that no condition or combination of conditions as set forth under §3142(b) or (c) will reasonably assure the appearance of the person as required .... " See, e.g., *United States v. Patriarca*, 948 F.2d 789, 792-93 (1st Cir. 1991).

The government bears the burden of proving by a preponderance of evidence both that the defendant "presents an actual risk of flight" and that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court. In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).   Each of these factors must be weighed, and the decision on whether to release is an individualized one. *Patriarca*, 948 F.2d at 794.

Further, the government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991).

3. <u>Nature Of The Offense Alleged</u>:

The government alleges in Count I of the indictment that the defendant, conspired to commit racketeering in furtherance of a violent criminal organization known as the Almighty Latin King and Queen Nation, or the Latin Kings.

In an Affidavit filed by FBI Special Agent Dominic Coppo it is alleged that a cooperating witness, "CW-9" reported that Liberato ordered a "green light" on an individual named Angel Roldon, a/k/a "Big A" (a defendant in this case) for not repaying stolen money that he was ordered to repay to other named individuals within six months. Further, there are recorded discussions whereby the matter of a "green light" is disputed among those captured on the recording.  (Coppo Affidavit, ¶¶ 161-170).  The allegation made by CW-9 is not supported by any taped conversation and appears to be a report made to FBI by a working informant whose credibility and accuracy is untested.

The Affidavit also states that on an occasion during the fall of 2018,  Liberato's 15 year-old daughter was sexually harassed by an individual at a party. Some of the men at the party intervened and apparently beat the perpetrator.  Mr. Libarato was not at the party nor in the area. Wire intercepts detail conversations during which Liberato tells his daughter that the offending party was beaten and that he would be killed. (Coppo Affidavit, ¶¶ 37-40). There is no evidence in the Affidavit that any plan to kill the offending individual actually existed or that the offender was in fact further harmed.

4. <u>Juan Liberato's History And Characteristics</u>:

      Mr. Liberato is 34 years old.  He was born in New York and moved to Maryland at a young age when his parents relocated. He came to Massachusetts while a school-age boy and attended public schools in the Lawrence and Haverhill area before finally settling in Revere during his senior year at East Boston High School. He finished out the year at East Boston High, graduating in the class of 2003.

      Mr. Liberato is the father of one child and stepfather to three. He lives in Haverhill with his wife Jennifer who he married in 2013..  They own the home where they reside. He pays child support for his child pursuant to a court order from the probate court and has always been current with his payments. Further, Mr. Liberato provides health insurance to his wife and family through his employer's health plan.

      Mr. Liberato has been employed at Costco in Everett for thirteen years.  He faces termination of employment and health benefits due to absences incurred during the course of his detention. He plans to continue his Costco job, or advocate for re-employment there if released.  While at Costco Mr. Liberato has worked second jobs, mostly seasonal, in order to bolster his income when the opportunity arose.

      Mrs. Liberato works at a lab in Middlesex County as a phlebotomist and holds a second, part-time,  job as a Personal Care Assistant. She relies upon the medical benefits from Juan Liberato's employment for she and the children.

      Mr. Liberato does not drink alcohol, does not smoke cigarettes, and does not use drugs of any kind.

5. <u>Risk Of Flight</u>:

    a. *Ties to the Community*

Mr. Liberato has spent most of his life in Massachusetts. He is close to his immediate family. He has a United States passport however he believes that it was taken from his home by agents. He has traveled outside the country twice, both times to the Dominican Republic – once with his wife, and once with his wife and children. He will voluntarily surrender his passport.

    b. *Everything he owns or is attached to in Massachusetts*

As stated above, he and his wife own the home where they reside. His child and stepchildren are in the Massachusetts area. He also has an aunt with whom he is close who has traveled from New York to Boston to support he and his wife during the initial stages of these proceedings while he is in custody.

All of his property and close family members reside in Massachusetts, and the only close ties he maintains are within the District of Massachusetts.

    c. *He has the support of friends and neighbors*

Filed with this motion are a number of letters written in support of Mr. Liberato.

    d. *His employment is in Massachusetts*

Mr. Libarato's thirteen years as an employee at the Costco Warehouse Store in Everett speaks to his work ethic and sense of responsibility. The health insurance that he receives for he and his family is a strong incentive to continue to work there or to campaign for reinstatement in the event that he is in jeopardy of losing his job due to absence during the time of his detention.

6. <u>Dangerousness</u>

The government alleges that Johnson has been a member of the the Latin Kings. The offense charged in Count I is his membership in an organization that the government alleges is a

criminal enterprise.  Mr. Liberato has no convictions as evidenced by the CORI and Triple-I viewed by counsel. There is no credible evidence that he ordered that any person be killed as the Affidavit seems to imply.

7 . Proposed Conditions to be Imposed

Mr. Liberato states that there are sufficient conditions or a combination of conditions that the Court may impose to reasonably assure the safety of the public and to assure his appearance at any proceeding held before this Court. Mr. Liberato therefore requests this Court to issue a release order upon the following conditions or combination of conditions necessary to "reasonably assure the safety of any person and the community."  Although there is every confidence that the proposed conditions will eliminate any concerns of dangerousness and risk of flight, it is important to note that, "Section 3142 speaks only of  conditions that will 'reasonably' assure appearance, not guarantee it." *United States v. Xulum*, 84 F.3d 441, 443 (D.C. Cir. 1996) (per curiam).

The defendant respectfully requests the Court to order him released pending trial and that the Court impose the following conditions, combination of conditions, and any further reasonable conditions the Court may deem necessary and appropriate. The conditions proposed are:

a.       That Mr. Liberato and his wife execute a bond in the amount of $50,000 or such amount as ordered by the Court, secured by the family residence in Haverhill, MA.

b.       That he reside with his wife in the family home.

c.       That he be electronically monitored by Pretrial Services.

d.       That he have no contact, directly or indirectly, with any witness or potential witness in this case except through counsel.

e.       That he not violate any federal, state, or local law while on release.

f.       That he appear at all times when required to appear in court.

g.      That he surrender his United States passport and he shall be prohibited from applying for a new passport.

h.      That he surrender his License to Carry Firearms to the Probation Department or to the issuing authority.

i.      That he not possess any firearms, destructive devices, or dangerous weapons.

j.      That he not use alcohol and not use or possess any narcotic or controlled substance except by prescription from a licensed medical practitioner.

k.      That he notify Pretrial Services within twenty-four hours if he is arrested or has any contact with any law enforcement officials.

l.      That he remain employed or use his best efforts to gain or regain employment.

n.      That his travel be restricted to the District of Massachusetts unless authorized by Pretrial Services.

o.      That an appropriate curfew be imposed based in part upon his work schedule.

*Wherefore*: Juan Liberato requests the Court to order his release upon reasonable conditions.


                                        Respectfully submitted,
                                        JUAN LIBERATO,
                                        By his attorney,

                                        /s/ *James  J. Cipoletta*
                                        _____
                                        James J. Cipoletta

Dated: 18 December 2019

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on or before the above date.

                                        /s/ *James J. Cipoletta*
                                        _____