UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL No. 19-CR-10459-RWZ |
| CECCHETELLI, et. al. | |
| Defendant | |

## GOVERNMENT'S FURTHER FINAL STATUS CONFERENCE MEMORANDUM

Pursuant to Local Rule 116.5(c), the government hereby files the following further final status memorandum prepared in connection with the Final Status Conference scheduled for May 26, 2021.[1]  For the reasons stated below, the government and a number of Defense Counsel request that the Court schedule a Further Final Status Conference to be held in sixty days.

Sixty-two Defendants were charged in the Indictment.  As of the filing of this memorandum:

- Forty-four (44) Defendants have pleaded guilty;

- Four (4) Defendants are scheduled for Rule 11 hearing before the District Court (Familia-Valdez, Jose Rodriguez, Jose Vasquez, and Shaun Harrison);

- Two Defendants are in warrant status on the case (Reyes-Smith, and Goodson); and

- Twelve (12) Defendants are remaining.

---

[1] This memorandum was filed after general consultation with defense counsel via email on section (2)(A) and (2)(C), below. The government believe it accurately reflects the overall state of the case. The government invites individual defense counsel to file objections or clarifications if, in aggregating the general prevailing sentiments and issues, the government has omitted or neglected to reference matters of importance to individual defense counsel that should have been included.

The following twelve defendants are remaining:

1.    Esther Ortiz
2.    Juan Liberato
3.    Robert Lara
4.    Angel Calderon
5.    Orlando Santiago-Torres
6.    Robert Avitabile
7.    Tyson Jorge
8.    Luis Mendez
9.    Tanairy Ruiz
10.   Hector Adorno
11.   Jonathan Cassiano
12.   Derek Southworth

**(1)    Whether the defendant requests that the case be transferred to the district judge for a Rule 11 hearing**

The government reports the following status for each individual remaining Defendant:

1.    Esther Ortiz. Defense counsel reports that the Defendant is prepared to proceed to the District Court for a pretrial conference, however the Defendant does not object to **an additional status conference before the Magistrate Court in approximately 60 days.**

2.    Juan Liberato. The government has no additional information to report on this Defendant.

3.    Robert Lara. The parties have had extensive and fruitful discussions regarding resolution of this case.

4.    Angel Calderon. The parties have had extensive and fruitful discussions regarding resolution of this case. The Defense is reviewing a proposed draft plea agreement.

5.    Orlando Santiago-Torres. The parties have had extensive and fruitful discussions regarding resolution of this case and expect to finalize a plea agreement. This Defendant is housed in a detention facility in Connecticut, which has complicated defense counsel's ability to communicate with his client and finalize the plea agreement.

6.    Robert Avitabile. The government has no additional information to report on this Defendant.

7.    Tyson Jorge. The government has no additional information to report on this Defendant.

8.      Luis Mendez. The parties report that this is a likely trial. Defense counsel is successor counsel, and reports that he is ***requesting an additional status conference before the Magistrate Court in approximately 60 days*** in order to continue the review of discovery and further prepare for appearance before the District Court for a pretrial conference.

9.      Tanairy Ruiz. The parties have had extensive and fruitful discussions regarding resolution of this case, and expect to finalize a plea agreement. The Defense is reviewing a proposed draft plea agreement. The government does not anticipate this Defendant proceeding to trial. Defense counsel reports that he is ***requesting an additional status conference before the Magistrate Court in approximately 60 days*** in order to finalize the plea agreement.

10.      Hector Adorno. The parties have had extensive and fruitful discussions regarding resolution of this case, and expect to finalize a plea agreement. The Defense is reviewing a proposed draft plea agreement. This case is complicated by the pendency of multiple state court matters that are being negotiated, simultaneously with resolution of the federal case.

11.      Jonathan Cassiano.  The parties report that this Defendant may proceed to trial. The parties have been unable to resolve the case. The Defendant is not in federal custody at the moment, and is held in state custody on 2 pending state court cases.

12.      Derek Southworth. The government has no additional information to report on this Defendant.

**(2)     Whether, alternatively, the parties move for a pretrial conference before the district judge in order to resolve pretrial motions (if any) and schedule a trial date and, if so:**

The government reports that plea discussions are ongoing with approximately 9 of the remaining defendants and the amount of discovery is, as has been reported, voluminous. The government anticipates further progress with respect to review of discovery by defense counsel and resolution of certain defendants in this case during the 60 day time period.

**(A)     Whether the parties have produced all discovery they intend to produce and, if not, the identity of any additional discovery and its expected production date;**

The government reports that as of the date of this memorandum, the government has produced Bates numbers USAO-GD-00000001 through USAO-GD-00232195 in global discovery. This includes hundreds, if not thousands of recordings and digital files of large size, such as forensic extractions of phones.

Numerous individual discovery productions have been made to individual defendants on an informal basis in response to specific requests. Those individual productions have

been folded into global discovery productions, where appropriate. Updated indices for each production have accompanied the digital media containing the production. The cooperative approach toward discovery production has resulted in all outstanding discovery requests and issues being resolved.

As the government has noted in its Discovery Letters, additional discovery remains to be produced which relates to the cooperating witnesses in this case, and the government has declined to identify the cooperating witnesses by name due to the overwhelming potential for violence and retaliation. The government has agreed to identify its cooperating witnesses orally to defense counsel a reasonable time before trial, and has done so in certain instances to facilitate discussions regarding resolution.

The government intends to disclose reports relating to information provided by recently disclosed cooperating witnesses at a reasonable time before trial.

Additionally, as noted in prior status reports, the government continues to process and produce the forensic extractions of digital devices seized in this case. Many of the remaining forensic extractions relate to Defendants who have since pled guilty and therefore contain irrelevant or immaterial content that would not be introduced at trial. The government believes that production of this voluminous set of data would unnecessarily expand the scope of materials in this case that defense counsel would be required to review.

As a result, the government focused its efforts in this regard, and producing the extractions relating to items seized from the remaining Defendants. Search warrant returns describing these seized items have been produced to the defense group. In the event that any defense counsel elects to obtain access to these forensic extractions, the government can seek to have them produced as part of global discovery

**(B)     Whether all discovery requests and motions have been made and resolved and, if not, the nature of the outstanding requests or motions and the date they are expected to be resolved;**

As noted above, all discovery requests have been (to the government's knowledge) responded to and resolved to the satisfaction of defense counsel. No discovery motions have been filed, and the government does not believe that there are any outstanding discovery letters.

**(C)     Whether all motions under Fed. R. Crim. P. 12(b) have been filed and responded to and, if not, the motions that are expected to be filed and the date they will ready for resolution;**

No motions have been filed under Fed. R. Crim. P. 12(b).

In discussion with the government, certain defense counsel have mentioned the possibility of filing such a motion, but the government is not in a position to identify the

grounds of any such motion, whether they still intend to file such a motion or the timing of any such motions.

Luis Mendez has filed a motion to permit the filing of a *pro se* motion. The government has not taken a position on this filing, and does not anticipating taking a position. The government is not aware of the nature and substance of the basis for filing *pro se*, or what claims are to be raised in the motion. In the event that the Court permits a *pro se* motion to be filed, the government will review it and potentially oppose it, depending on its content.

Counsel for Jonathan Cassiano has indicated that she may file a motion to suppress. As noted above, Cassiano is in primary state custody.

No other Defendants have indicated the potential for motions under Fed. R. Crim. P. 12(b).

**(D)    Whether the court should order any additional periods of excludable delay, the number of non-excludable days remaining, and whether any matter is currently tolling the running of the time period under the Speedy Trial Act;**

The Defendants have made their appearances on a number of dates beginning on December 5, 2019.

On December 5, 2019, Magistrate Judge Dein entered an order of excludable delay as to Alexis Peguero, Matthew Palacios, Steven Familia Valdez, Dante Lara, Robert Lara, Angel Ortiz from December 5, 2019 through February 3, 2020. [D. 77]. On December 6, 2019, Magistrate Judge Dein entered an order of excludable delay as to Israel Rodriguez, Jeremia Medina, Tanairy Ruiz, Sophia Velasquez, Dairon Rivera, Derek Southworth from December 6, 2019 through February 3, 2020. [D. 80]. On December 9, 2019, Magistrate Judge Kelley entered an order of excludable delay as to Robert Avitable, Jose Rodriguez, and Josue Carrasquillo from December 5, 2019 through February 3, 2020. [D. 93]. On December 11, 2019, Magistrate Judge Kelley entered an order of excludable delay as to Sandra Correa, Angel Calderon, and Orlando Santiago Torres from December 5, 2019 through February 3, 2020. [D. 165]. On December 12, 2019, Magistrate Judge Kelley entered an order of excludable delay as to Wilson Peguero and Oscar Pena from December 5, 2019 through February 3, 2020. [D. 181]. On December 20, 2019, Magistrate Judge Kelley entered an order of excludable delay as to Alexis Velasquez from December 20, 2019 through February 3, 2020. [D. 165].

On February 13, 2020, this Court entered an Order of excludable delay as to all defendants from December 5, 2019 through April 7, 2020. [D. 517-519].

During the April 7, 2020 status conference, all counsel agreed to the exclusion of time from April 7, 2020 through June 9, 2020 except counsel for Luiz Mendez (37) and Hector Adorno (57). [D. 701]. A motion to exclude the time from April 7, 2020 through June 9, 2020 for all Defendants was granted. [D. 1093].

A motion to exclude time was granted for the period from June 9, 2020, through July 27, 2020. [D. 1095].

A motion to exclude time was granted for the period from July 22, 2020, through September 23, 2020 [D. 1228].

A motion to exclude time was granted from September 23, 2020 through November 19, 2020 [D. 1369].

With respect to Mendez's three objections to exclusion of time through September 23, 2020, Judge Zobel overruled the objections in a written decision. See D. 1183 ("The defendant's objections to all three motions are overruled.").

A motion to exclude time was granted for the period from November 19, 2020 to January 26, 2021 [D. 1369].

A motion to exclude time was granted for the period from January 26, 2021 to March 25, 2021 [D.1673].

A motion to exclude time was granted for the period from March 25, 2021 to May 26, 2021 [D. 1786].

Consequently, as of the filing of this memorandum, ZERO days count against the speedy trial clock.

The government would request that the time period between May 26, 2021 and the next status conference (or pretrial hearing before the District Court) be excluded because the parties have been and are using the period of the continuance to complete review of discovery, and also to explore non-trial dispositions of the case. Therefore, the government requests that this Court find that the ends of justice served by excluding the period of the continuance to the next status conference outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(6), and 3161(h)(7)(A). The government has not received any specific objection to this request to exclude time, and would anticipate any objections to be made at the status hearing.  The government will file a motion to exclude after the conference.

**(E)     The estimated number of trial days;**

The government notes that estimating the trial length is complicated due to the potential for certain defendants being tried together, or separately and the final trial groups. Additionally, compliance with COVID-19 protocols at trial, and accounting for breaks and other logistical aspects of the trial that undersigned counsel is unfamiliar with, complicates any such estimate. Additionally, some trial groups may be more expeditious and some may involve a larger scope of evidence. With those caveats in mind, the government anticipates a two-week trial, for each trial group, assuming half days.

6

**(3)     Any other matters specific to the particular case that would assist the district judge upon transfer of the case from the magistrate judge.**

There have been extensive plea discussions to date, with varying degrees of success. The government has had fruitful discussions with most of the of the twelve remaining defense counsel.  If and when those discussions develop into plea agreements, the Court will be apprised.

The government anticipates focusing its attention on conferencing with the defense counsel for these remaining Defendants and will endeavor to seek potential resolutions with those Defendants, if possible.

Given the pandemic, defense counsel have reported extensive and continuing difficulties in scheduling calls with the Defendants, and obtaining the opportunity to meaningfully meet with the Defendants and review discovery and potential plea agreements. These circumstances have slowed the review of discovery and resolution of the case.  Nevertheless, the government can report that extensive plea discussions are ongoing.

**(4)     Request for Further Final Status Conference**

As the Court can see from the number of Rule 11 hearings in this case, the parties are making considerable headway in the resolution of this case. Since the last status conference memo, where sixteen defendants were remaining, four Defendants have sought Rule 11 hearings.

Given the pandemic, the normal speed of the pretrial phase has slowed considerably. Despite these difficulties, the parties continue to make considerable progress on a daily basis. The government hopes to have final picture of the defendants proceeding to trial with the benefit of an additional status conference in 60 days.

As such, the government request that the Court schedule a Further Final Status Conference to be held in approximately 60 days.

Respectfully submitted,

NATHANIEL MENDELL
Acting United States Attorney

By:     */s/ Philip A. Mallard*
        Philip A. Mallard
        Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I, Philip A. Mallard, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date:  May 20, 2021                              */s/ Philip A. Mallard*
                                                 Philip A. Mallard
                                                 Assistant United States Attorney